GRIMES, Chief Judge,
dissenting.
The motion for continuance stated that it was filed pursuant to the authority of Fla. R.Crim.P. 3.190(g), which has nothing to do with the speedy trial rule. Therefore, I have difficulty in concluding that the granting of the continuance by itself carried with it the speedy trial time, though I concede that the two motions were being considered together and the court certainly did not intend that the trial should be reset on a date beyond the speedy trial time.
My real departure from the majority view rests upon the fact that the prosecuting attorney specifically requested that the speedy trial time be extended only twenty one days and that the order of extension was limited on its face to that period of time. It is evident from the colloquy that the prosecutor intended to seek a further *968 extension of the speedy trial time if he was unable to secure the deposition of the witness and have the trial reset within the speedy trial time as extended by the twenty one days, to wit: October 23, 1978. However, no second extension of the speedy trial time was ever sought or obtained.
I would much prefer not to discharge a defendant, particularly one charged with murder, where the failure to bring him to trial within the speedy trial time appears to have been an oversight and no real prejudice to the defendant has been shown. Nevertheless, I cannot escape what I perceive to be the mandate of the speedy trial rule. I must, therefore, respectfully dissent.